**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| OPTICAL AIR DATA SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N17C-05-619 EMD CCLD |
| v. | ) | |
| | ) | |
| L-3 COMMUNICATIONS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING OPTICAL AIR DATA SYSTEM, LLC'S
MOTION FOR SUMMARY JUDGMENT**

On this 14th day of January, 2019, upon consideration of the Optical Air Data System, LLC's Motion for Summary Judgment (the "Motion") filed by Plaintiff Optical Air Data Systems, LLC ("Optical Air"); L-3's Answering Brief in Opposition to Optical Air Data System, LLC's Motion for Summary Judgment (the "Opposition") filed by Defendants L-3 Communications Corporation, Display Systems Division, and L-3 Communications Avionics Systems, Inc. (collectively, "L-3"); Optical Air Data System, LLC's Reply Brief in Support of Its Motion for Summary Judgment (the "Reply") filed by Optical Air; the Court having held a hearing (the "Hearing") on the Motion, the Opposition and the Reply on December 17, 2018; the arguments made by counsel for Optical Air and L-3 at the Hearing; for the reasons set forth by the Court at the Hearing; and the entire record pertaining to this civil action;

1.      L-3 has asserted a number of counterclaims against Optical Air—declaratory judgment, unjust enrichment, negligent misrepresentation, breach of contract and breach of the implied covenant of good faith and fair dealing.  Through the Motion, Optical Air moves for summary judgment on L-3's counterclaim for negligent misrepresentation (the "NM

Counterclaim").  At the Hearing, the Court explored with L-3 the nature of the NM Counterclaim.

2.    "It is well-settled Delaware law that the [Chancery Court] has exclusive jurisdiction over claims of negligence misrepresentation."[1]  "The one exception to the exclusive jurisdiction of the [Chancery Court] would be cases where the negligent misrepresentation claim is raised in the context of the Consumer Fraud Act."[2]  The NM Counterclaim is not a claim raised under the Consumer Fraud Act.

3.    A claim for negligent misrepresentation requires the party to show: "(1) the defendant had a pecuniary[3] duty to provide accurate information; (2) the defendant supplied false information; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the plaintiff suffered a pecuniary loss caused by justifiable reliance upon the false information."[4]

4.    In *Radius Services, LLC v. Jack Corrozi Construction, Inc.*, the plaintiff alleged that it received assurances from the defendants which the defendants knew or had reason to know were false.[5]  The defendants filed a motion to dismiss the claim for negligent misrepresentation.[6]  The Court found that the exclusive jurisdiction for claims of negligent misrepresentation are in the Chancery Court.[7]  However, the Court determined that if plaintiffs

---

[1] *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *11 (Del. Super. Feb. 15, 2013) (citing *State Dep't of Transp. V. Figg Bridge Eng'rs, Inc.*, 2001 WL 5593163, at *4 (Del. Super. Nov. 9, 2011)).

[2] *Van Lake*, 2013 WL 1087583, at *11 (quoting *Iacono v. Barici*, 2006 WL 3844208, at *5 (Del. Super Dec. 29, 2006)).

[3] PECUNIARY, Black's Law Dictionary (10th ed. 2014) (defining pecuniary "Of, relating to, or consisting of money; monetary").

[4] *Steinman v. Levine*, 2002 WL 31761252, at *15 (Del. Ch. Nov. 27, 2002); *see also Yu v. GSM Naation, LLC*, 2017 WL 2889515, at *4 (Del. Ch. July 7, 2017) (stating that the elements for equitable fraud are the same as common law fraud except for scienter).

[5] *Radius Services, LLC v. Jack Corrozi Const., Inc.*, 2009 WL 3273509, at *1 (Del. Super. Sept. 30, 2009).

[6] *Id.*

[7] *Id.* at *2.

are able to establish that defendants knew of the misrepresentations, then the plaintiff would have a claim for fraud.[8] The Court allowed the plaintiff to clarify which cause of action it meant to plead. After the Hearing, the Court finds that the NM Counterclaims is not an unclarified fraud claim.

5. Similarly, in *Van Lake v. Sorin CRM USA, Inc.*, the defendant moved to dismiss the plaintiff's claim for negligent misrepresentation.[9] The Court also held that the Chancery Court is the court of exclusive jurisdiction over all claims of negligence misrepresentation except Consumer Fraud Act claims.[10] The Court determined that it lacked subject matter jurisdiction on the negligence misrepresentation claim.[11] However, the Court also determined that "in examining a negligent misrepresentation claim, the Court must go one step farther. In this regard, the Court must look beyond the 'labeling' of the claim and examine its substance to determine the true nature of the claim."[12] Ultimately, the Court determined that the plaintiff truly pleaded a simple negligence claim.[13] The Court finds that the NM Counterclaim is not a claim that seeks relief for simple negligence.

6. There are cases from the Court discussing whether Section 552 of the Restatement (Second) of Torts provides a basis for bringing a negligent misrepresentation claim here instead of the Chancery Court.[14] However, those cases appear to have been decided prior to the Court's

---

[8] *Id.* at *3.
[9] 2013 WL 1087583, at *11.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at *12.
[14] *See e.g.*, *Christiana Marine Serv. Corp. v. Texaco Fuel and Marine Mktg.*, 2002 WL 1335360, at *6 (Del. Super. June 13, 2002) (discussing whether Section 552 provides an exception to the economic loss doctrine relating to a negligent misrepresentation claim).

3

ruling in *Atwell v. RHIS, Inc.* [15] In *Atwell*, the Court determined that it does not have subject matter jurisdiction for negligent misrepresentation even under Section 552. [16]

7. In *Atwell*, the defendant moved to dismiss two counts of negligent misrepresentation from the complaint. [17] The plaintiff had plead two counts of negligent misrepresentation—Counts III and IX. [18] The *Atwell* Court determined that Count III was truly alleging negligence. [19] Next, the *Atwell* Court determined that Count IX alleged negligent misrepresentation. [20] The *Atwell* Court reasoned that, in Count IX, the plaintiff expressly contended that "there was a pecuniary duty to provide accurate information, that Defendant [ ] failed to exercise reasonable care in obtaining and communicating false and inaccurate information to Plaintiffs and that Plaintiffs suffered injuries and damages as a result." [21]

8. Like here, the plaintiff in *Atwell* cited to cases where the Court addressed the issue of negligent misrepresentation and adopted Section 552. The *Atwell* Court addressed and refused to adopt those cases. Instead, the *Atwell* Court relied upon more recent cases that held the Court did not have jurisdiction under Section 552 for negligent misrepresentation claims. [22] As such, the Court denied the motion to dismiss and gave the plaintiff leave to transfer the count under 10 *Del. C.* § 1902. [23] Recently, the Court followed the reasoning in *Atwell* and held that

---

[15] *Atwell v. RHIS, Inc.*, 2006 WL 2686532, at *1 (Del. Super. Aug. 18, 2006).
[16] *Id.*
[17] *Id.*
[18] The two counts in *Atwell* are: (i) Count III, saying, in relevant part, "Defendant [ ] knew, or should have known, that there were problems with moisture build-up as a result of the broken furnace and heating system at the time he completed the Discloser form. Defendant [ ] negligently failed to disclose to Plaintiff the true condition of the home and that he had numerous problems in the past that required repair of the home due to the formation of mold as a result of humidity build-up[;]" and (ii) Count IX saying, in relevant part, "In the face of their pecuniary duties to provide accurate information, the Seller, Defendant . . . failed to exercise reasonable care in obtaining and communicating false and inaccurate information supplied to the Plaintiffs. As a result, the actions of Defendant . . . have caused the Plaintiffs to suffer injuries and damages as set forth herein above." *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at *2.
[23] *Id.*

4

negligent misrepresentation claims continue to lie in the Chancery Court.[24] The Court agrees with the reasoning in *Atwell* and *WyPie Invs., LLC v. Homschek*, that—unless the negligent misrepresentation claim is made under the Consumer Fraud Act—the Chancery Court has exclusive jurisdiction over negligent misrepresentation claims.

9. The NM Counterclaim is similar to Count IX in *Atwell*. L-3 alleges that Optical Air knew or believed the representations to be false, made the statements with reckless disregard for the truth, or was negligent in making the statements and that L-3 suffered harm. The Court finds and holds that the Chancery Court has exclusive subject matter jurisdiction over such a negligent misrepresentation counterclaim. As such, the Court will grant the Motion as to the NM Counterclaim; the Court will stay entry of judgment on the NM Counterclaim for ten (10) days in order to allow L-3 the opportunity to request transfer of the counterclaim to Chancery Court under 10 *Del. C.* § 1902.

**IT IS SO ORDERED**.

/s/ *Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[24] *WyPie Invs., LLC v. Homschek*, 2006 WL 2686532, at \*16 (Del. Super. Mar. 28, 2018).